UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CROWN DRILLING, INC.**          :          **CIVIL ACTION NO. 09-1719**

**VERSUS**          :          **UNASSIGNED DISTRICT JUDGE**

**STAR DRILLING
& WORKOVER, LLC, ET AL**          :          **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

On July 6, 2009 Crown Drilling, Inc. ("plaintiff") filed a Petition for Damages and to Enforce Privileges against Star Drilling & Workover, LLC, Discovery Operating, LLC and Discovery Resources and Development, LLC (collectively referred to as "defendants") in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 5. The matter was removed to this court on October 1, 2009. Doc. 1. On November 30, 2009 the court denied defendants' Motion to Transfer the case to the Eastern District of Texas. Docs. 4, 39. Since that date, the only pleadings filed have been motions to withdraw and substitute counsel. Docs. 43, 44, 46.

On February 22, 2018 the undersigned issued an order noting that other than the motions to withdraw/substitute counsel there has been no activity since November 30, 2009. Doc. 51. The court ordered any party wishing to proceed with the matter to file an appropriate pleading on or before March 16, 2018. *Id.* The court further stated that "[a]bsent such filing we will issue a Report and Recommendation suggesting to the district court this matter should be dismissed for lack of prosecution." *Id.* As of this date no pleading has been filed.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute ..." The district court also has the inherent authority to dismiss an action *sua sponte*,

without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.  According to LR 41.3 a civil action may be dismissed "where a cause has been pending for six months without proceedings being taken within such period."

In accordance with these provisions, **IT IS RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to LR 41.3, plaintiff is allowed fourteen (14) calendar days from the mailing of this notice to file evidence of good cause for failure to act. Additionally, under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 8th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE